OPINION
{¶ 1} Defendant-appellant Jacob Ragsdale appeals his conviction by the Stark County Court of Common Pleas for failure to give notice of change of address in violation of R.C. 2950.05(A)(E)(1) and 2950.99(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Appellant was indicted on one count of failure to provide notice of change of address and one count of failure to register address. In 1993, Appellant was classified a sexually oriented offender following his conviction for sexual battery. The sexually oriented offender classification required Appellant to register his address in whatever county he resides.
 {¶ 3} On February 28, 2007, Appellant telephoned Deputy Macris of the Stark County Sheriffs Office, and reported he was moving to a new address at 2227 Seventh Street, N.W., Canton, Ohio. Appellant had been residing with his girlfriend, but was forced to leave the residence due to its proximity to a school.
 {¶ 4} Appellant then scheduled an appointment with Deputy Macris for March 1, 2007, to complete the necessary registration documents. At the appointment, Deputy Macris confirmed with Appellant the address was 2227 Seventh Street. Appellant reviewed and signed the paperwork.
 {¶ 5} Deputy Macris was unable to verify the address, as the address did not exist and was not included in a directory. Deputy Macris also could not locate the address on the auditor's website. As a result, Deputy Macris obtained a warrant for Appellant's arrest. *Page 3 
 {¶ 6} On March 21, 2007 at 1:30 a.m., Appellant was arrested at his girlfriend's residence.
 {¶ 7} At trial, Appellant testified he mistakenly gave the wrong address, and the correct address was 2228 Seventh Street. However, that address also proved to be non-existent. Appellant then testified the house was located on the corner of Seventh Street and Smith Street, and he assumed the address was on Seventh Street. Appellant testified he moved to the residence after being evicted from his girlfriend's home, and he was rooming with his friend William McCary.
 {¶ 8} Following a jury trial, Appellant was found guilty of failing to provide notice of change of address.
 {¶ 9} The trial court sentenced Appellant to one year in prison.
 {¶ 10} Appellant now appeals, assigning as error:
 {¶ 11} "THE APPELLANT'S CONVICTION FOR FAILURE TO GIVE NOTICE OF CHANGE OF ADDRESS OR OF REGISTRATION OF NEW ADDRESS IN VIOLATION OF R.C. 2950.05(A)(E)(1) AND 2950.99(A) WAS AGAINST THEMANIFEST [SIC] WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND WAS NOT PROVEN BEYOND A REASONABLE DOUBT."
 {¶ 12} In the sole assignment of error, Appellant maintains his conviction for failing to give notice of change of address or of registration of new address in violation of R.C. 2950.05(A)(E)(1) and2950.99(A) was against the manifest weight and sufficiency of the evidence.
 {¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. *Page 4 Thompkins, 78 Ohio St .3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, superseded by constitutional amendment on other grounds as stated byState v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N.E.2d 668. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenges questions whether the State has met its burden of persuasion." State v.Thompkins, supra at 78 Ohio St.3d 390.
 {¶ 14} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, superseded by the State constitutional amendment on other grounds as stated in State v. Smith (1997),80 Ohio St.3d 89.
 {¶ 15} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Thompkins, 78 Ohio St.3d at 386.
 {¶ 16} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact *Page 5 
clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N .E.2d 541 super ceded by constitutional amendment on other grounds as stated byState v. Smith, 80 Ohio St.3d 89, 1997-Ohio-355, 684 N .E.2d 668, citingState v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 17} R.C. 2950.05(A)(E)(1) reads:
 {¶ 18} "(A) If an offender or delinquent child is required to register pursuant to division (A)(2), (3), or (4) of section 2950.04 or 2950.041
of the Revised Code, the delinquent child if not a public registry-qualified juvenile offender registrant shall provide written notice of any change of residence address, and the offender and public registry-qualified juvenile offender registrant shall provide notice of any change of residence, school, institution of higher education, or place of employment address, to the sheriff with whom the offender or delinquent child most recently registered the address under division (A)(2), (3), or (4) of section 2950.04 or 2950.041 of the Revised Code or under division (B) of this section. A written notice of a change of school, institution of higher education, or place of employment address also shall include the name of the new school, institution of higher education, or place of employment. The delinquent child if not a public registry-qualified juvenile offender registrant shall provide the written notice *Page 6 
at least twenty days prior to changing the residence address, and the offender and public registry-qualified juvenile offender registrant shall provide the written notice at least twenty days prior to changing the address of the residence, school, or institution of higher education and not later than three days after changing the address of the place of employment. They shall provide the written notices during the period they are required to register. If a residence address change is not to a fixed address, the offender or delinquent child shall include in that notice a detailed description of the place or places at which the offender or delinquent child intends to stay and, not later than the end of the first business day immediately following the day on which the person obtains a fixed residence address, shall provide that sheriff written notice of that fixed residence address. If a person whose residence address change is not to a fixed address describes in a notice under this division the place or places at which the person intends to stay, for purposes of divisions (C) to (I) of this section, sections 2950.06 to 2950.13 of the Revised Code, and sections 311.171 and 2919.24
of the Revised Code, the place or places so described in the notice shall be considered the person's residence address and registered residence address until the person provides the written notice of a fixed residence address as described in this division.
 {¶ 19} "* * *
 {¶ 20} "(E)(1) Upon receiving from an offender or delinquent child pursuant to division (A) of this section notice of a change of the offender's or public registry-qualified juvenile offender registrant's residence, school, institution of higher education, or place of employment address or the residence address of a delinquent child who is not a public registry-qualified juvenile offender registrant, a sheriff promptly shall forward the *Page 7 
new address to the bureau of criminal identification and investigation in accordance with the forwarding procedures adopted pursuant to section 2950.13 of the Revised Code if the new address is in another state or, if the new address is located in another county in this state, to the sheriff of that county. Upon receiving from an offender or public registry-qualified juvenile offender registrant notice of vehicle and identifier changes pursuant to division (D) of this section, a sheriff promptly shall forward the new information to the bureau of criminal identification and investigation in accordance with the forwarding procedures adopted pursuant to section 2950.13 of the Revised Code. The bureau shall include all information forwarded to it under this division in the state registry of sex offenders and child-victim offenders established and maintained under section 2950.13 of the Revised Code and shall forward notice of the offender's or delinquent child's new residence, school, institution of higher education, or place of employment address, as applicable, to the appropriate officials in the other state."
 {¶ 21} Upon review, the statute required Appellant to notify the sheriffs office of his change of address at least twenty days prior to changing his address. The statute further provides that if the address is not fixed, the offender shall include in the notice a detailed description of the place or places at which he intends to stay. Appellant failed to comply with the requirements of the statute as he provided the sheriff with an address that did not exist. Further, it was within the realm of the jury to determine whether Appellant's testimony as to mistake was credible. Finally, Appellant was arrested at his girlfriend's residence, which he was evicted from due to its proximity to a school. Accordingly, there was competent, credible evidence for the jury to determine Appellant failed to register his change of address or new address. *Page 8 
 {¶ 22} Appellant's conviction in the Stark County Court of Common Pleas is sustained.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur *Page 9 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, Appellant's conviction in the Stark County Court of Common Pleas is sustained. Costs assessed to Appellant. *Page 1